JUSTICE RICE,
concurring in part and dissenting in part.
*489 ¶28 I concur with the Court in affirming the District Court’s order requiring Chuck to pay $960 per month in child support, and in awarding Erin the primary physical custody of the parties’ son (Issues 1 and 2). I dissent from Issue 3, and would reverse the District Court’s award of maintenance in the amount of $500 per month for a period of three years.
¶29 Maintenance awards must consider the “duration of the marriage,” § 40-4-203(2)(d), MCA, and here the duration was brief, only four years. Indeed, the three year maintenance award spans 75% of the marriage’s duration. As for the “standard of living established during the marriage,” § 40-4-203(2)(c), MCA, the District Court concluded that the standard of living for the marriage was not high, but then criticized Chuck for this, which I believe was error. The court concluded that the parties’ standard of living could have been higher had Chuck “stayed at a welding job instead of working with horses,” and explained that it was not until after the parties separated that Chuck “settled down into a more permanent and more financially lucrative employment.” Then, though acknowledging that Chuck “retains many debts and expenses stemming from less lucrative times” in the amount of $7,373 per month, the court premised the maintenance award upon Chuck’s post-marriage standard of living, not upon the standard of living of the marriage. The higher income Chuck had started to earn after the marriage had existed for only six weeks at the time of trial.
¶30 As for “the age and the physical and emotional condition of the spouse seeking maintenance,” § 40-4-204(2)(e), MCA, the court found that Erin was 24 years old and “in good physical health.” Although noting that Erin was dealing with emotional “losses” of the marriage, the court awarded her custody of the parties’ child and noted that she is earning $1,733 per month, to which Chuck’s $960 monthly child support would be added. This income, in addition to constituting significant “financial resources of the party seeking maintenance” after a marriage with a lower standard of living, § 40-4-203(2)(a), MCA, also undermines the threshold determination that the spouse seeking maintenance must be “unable to support herself.” Section 40-4-203(1)(b), MCA.
¶31 I believe the court committed error in the application of the statutory factors and that the award of maintenance was an abuse of discretion.